————o————

## 5197.
### (Court of Appeal, Parish of Orleans).

## MRS. MARY C. TAGGART vs. JAMES M. NOONAN.

An answer to an appeal which prays for an amendment of the judgment waives the motion to dismiss.

Appeal from the Civil District Court, Division "C."

Dart, Kernan & Dart, for plaintiff and appellee.

E. A. Parsons, for defendant and appellant.

DUFOUR, J.—On November 19, 1910, appellee moved to dismiss the appeal, and, on November 21st, she answered the appeal asking that the judgment in her favor be increased and that damages for a frivolous appeal be granted.

The answer to an appeal which prays for an amendment of the judgment waives the motion to dismiss.

> 27 An. 76 (173); 29 An. 522; 12 An. 848; 39 An. 359.

Motion denied.

December 5, 1910.

## On the Merits.

1. He who alleges payment must prove it.
2. Where one of two innocent parties must suffer, the loss should fall on the one whose conduct made the loss possible.
3. The issues of fact are resolved in favor of the plaintiff in suit and defendant in injunction.

DUFOUR, J.—On May 17, 1904, Noonan, the defendant, executed before R. J. Maloney, notary public, his note for $475, secured by mortgage on his property, and payable two years after date with interest at 6% per annum after date.

Mrs. Taggart, the plaintiff, bought this note from Maloney during the same month.

When the note fell due in 1906, it was renewed for one year, in 1907, Maloney insisted on payment and received from Noonan a note for $800, for principal and interest of the $475 note, taxes and insurance.

Maloney then handed to Noonan a note claimed by the latter to be the $475 note, and immediately took it back for the alleged purpose of having the mortgage canceled.

In 1910, the plaintiff, holder of the note, traced Noonan whom she had never met and foreclosed her mortgage. Her seizure was enjoined by Noonan on the ground that the obligation had been paid and the mortgage inscription canceled.

This appeal is taken from a judgment dissolving the injunction and the appellant states that the questions presented are:

1st. Was Maloney the agent of plaintiff?

2nd. Which of the two litigants could, by due diligence, have prevented the fraud?

The evidence shows that on several occasions Miss Taggart bought mortgage paper from Maloney, but there is nothing to show that the relation of principal and agent existed between them. She swears that the note was constantly in her possession since she bought it and that it never was out of her sight even when Maloney had it in his hands.

In stating his conclusions of fact, the trial judge says:

"Noonan and his brother testify that they saw the original note in the hands of Maloney. Their evidence while given in good faith does not convince me that they have established the fact. They are both inexperienced in such transactions and had but a casual opportunity of seeing the note held by Maloney. I feel assured that he exhibited some other note than that which the plaintiff positively and directly swears has been in her possession ever since she bought it."

This conclusion would warrant the supposition that the endorsements on the note, for which plaintiff is unable to account, were made by Maloney without her noticing it, at the time that he handled the note in her presence.

Accepting the findings of fact of the trial judge, it is clear that the loss was due to the negligence of Noonan

in not carefully examining the note at the time it was shown him by the notary or to his failure to subsequently demand its return, or see to the cancellation of his signature.

Hence he must bear the loss.

The plaintiff was in good faith and without fault, the note is admittedly genuine and remains unpaid, and the cancellation of the mortgage was fraudulent.

Judgment affirmed.

February 6, 1911.

————————o————————

5170.

(Court of Appeal, Parish of Orleans.)